**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
VICKI MANKIN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI MANKIN, Individually and On Behalf of All Others Similarly Situated, | Case No. **'16CV1582 JM   WVG** |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| vs. | |
| FRIEND TRUSTED, INC., | |
| Defendant. | |

///
///
///
///

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of FRIEND TRUSTED, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff and on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper as Plaintiff seeks redress under a federal statute, thus this Court has jurisdiction as this matter involves questions of federal law.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Southern District of California and Plaintiff owns property in San Diego County, frequently resides in San Diego County, and received several of the offending text messages at issue in San Diego County.

## PARTIES

4. Plaintiff, Vicki Mankin ("Plaintiff"), is a natural person who owns property in San Diego County, frequently resides in San Diego County, received several of the offending text messages in San Diego County and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5. Defendant, Friend Trusted, Inc. ("Defendant"), is a corporation which utilizes various internet based platforms aimed at consumer commerce with its state of incorporation and its corporate headquarters in the State of Delaware and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

6. During the month of May 2016, Defendant sent automated text messages to Plaintiff's cellular telephone number ending in 5512, which Plaintiff

1  has possessed exclusively for more than three (3) years.

2      7.    Defendant sent its text messages to Plaintiff's cellular telephone from telephone number 541-236-2834.  In sum, Defendant has sent at least two (2) such text messages to Plaintiff's cellular telephone.

    8.    The purpose of Defendant's texts was to solicit an individual into accepting a potential job opportunity submitted by a user of the website www.gosmith.com.  For example, two (2) of the automated text messages Defendant sent to Plaintiff's cellular telephone advised Plaintiff of a "job" in the City of Medford, advised Plaintiff that she had "1st Priority" and gave a website link to the posting on Defendant's website, www.gosmith.com, to review and ultimately accept the "job."  Specifically, the texts described above read as follows:

> New job in Medford.  You have 1st priority.  See detail:
> www.gosmith.com/job/mzdd-b46tl

> New job in Medford.  You have 1st priority.  See detail:
> www.gosmith.com/job/mz3x-b46tl

    9.    Plaintiff is not a registered user of Defendant's site, www.gosmith.com, nor has Plaintiff ever provided her cellular telephone number to Defendant in any fashion to receive such automated text messages.

    10.    Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to send its text messages to Plaintiff seeking to solicit business. The informal and impersonal nature of the text messages sent (i.e., Plaintiff was never referred to by name – thus not a customized message sent manually to Plaintiff, but instead a mass automated text message) and the use of hyperlinks in the text messages referring Plaintiff to Defendant's site to review the "job" in Medford, is indicative of the use of an automatic telephone dialing system.

11. Defendant's text messages constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12. Defendant's text messages were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

13. Plaintiff has no business relationship with Defendant whatsoever and never provided Defendant with her cellular telephone number for any purpose. Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive text messages using an automatic telephone dialing system on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

14. As a result of Defendant's alleged violations of law by placing these automated text messages to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's and the putative class' privacy;

    b. Electronically intruding upon Plaintiff's and the putative class' seclusion;

    c. Intrusion into Plaintiff's and the putative class' use and enjoyment of their cellular telephones;

    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff and the putative class have as to complete ownership and use of their cellular telephones;

    e. Causing Plaintiff and the putative class to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted text messages and attempting to stop Defendant's unwanted text messages.

## CLASS ALLEGATIONS

15. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any text message from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint, wherein said person never consented to receiving such text message

16. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any text message from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint, wherein said person never consented to receiving such text message.

17. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

18. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

19. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and/or otherwise occupying Plaintiff's and the Class members' cellular telephones with unwanted automated messages therefore obstructing fully use and enjoyment of their respective cellular telephones and thus invading the privacy of said Plaintiff and Class members.

20. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant sent any text message (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

21. As a person that received text messages from Defendant using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

22. Plaintiff will fairly and adequately protect the interests of the members

of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

23. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

25. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each

CLASS ACTION COMPLAINT
-7-

and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

28.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

29.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

30.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

30.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

31.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

32.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C.*

§227(b)(1), Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: June 22, 2106               **MARTIN & BONTRAGER, APC**

By: */s/ Nicholas J. Bontrager*
Nicholas J. Bontrager
Attorneys for Plaintiff